# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

HECTOR DANIEL NOLASCO PASQUAL,

     Petitioner,

v.                                                                No. 1:26-cv-01506-MLG-JFR

MARY DE ANDA-YBARRA, in her
Official capacity as Director of the
Enforcement and Removal Operation
El Paso Field Office, et al.,

     Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING
RESPONDENTS TO RELEASE PETITIONER ON BOND**

This matter is before the Court on Petitioner Hector Daniel Nolasco Pasqual's Petition for Writ of Habeas Pursuant ("Petition"), Doc. 1. For the reasons stated below, the Court grants the Petition and orders Respondents release Nolasco Pasqual upon payment of the bond found in the alternative by Immigration Judge ("IJ") Samuel Williams. *See* Doc. 1-2 at 9-10.

Nolasco Pasqual, a Guatemalan citizen, is detained at the Cibola County Processing Center in New Mexico. Doc. 1 at 2, 9 ¶¶ 1, 2, 38. He entered the United States in 2000. *Id.* at 9 ¶ 38. He resides in Florida with his wife and two U.S. citizen children. *Id.* at 16 19 ¶¶ 32, 85-87. On July 31, 2025, Nolasco Pasqual was arrested for traffic violations[1] and was subsequently detained by Immigration and Customs Enforcement ("ICE") and placed in removal proceedings. *Id.* at 2, 16, ¶¶ 3-4, 75, 78. *Id.* Following his detention, he appeared before IJ Williams for a bond hearing on

---

[1] Nolasco Pasqual was arrested for operating a motor vehicle without a valid driver's license and passing through a stop sign. Doc. 1 at 2 ¶ 3. He has no other criminal history. *Id.* at 5, 16 ¶¶ 18.a., 76.

October 23, 2025. Doc. 1-2 at 9-10; Doc. 1 at 9 ¶ 41. IJ Williams concluded that the immigration court lacked jurisdiction to issue a bond due to Nolasco Pasqual's "manner of entry and his status as an 'Applicant Seeking Admission' (Matter of Hurtado)."[2] Doc. 1-2 at 9. He further noted, "Alternatively, the court [finds] that [Nolasco Pasqual] [is] not a danger to the community, nor a flight risk and would issue a bond in the amount of $3,000 if jurisdiction were found to be proper." *Id.*

In January 2026, Nolasco Pasqual's application for Cancellation of Removal and Adjustment of Status for Certain Nonpermanent Residents was denied and an order of removal was entered. Doc. 1 at 5, 1, 19 ¶¶ 18.c., 53, 84. He subsequently filed an appeal on February 20, 2026 which remains pending. [3] *See id.* at 6, 19 ¶¶ 24, 84; Doc. 1-2 at 15.

---

[2] IJ Williams' ruling from the October 23, 2025 hearing refers to and follows the Board of Immigration Appeals' ("BIA") opinion in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). In *Hurtado*, the BIA affirmed that IJs do "not have authority over the bond request because aliens who are present in the United States without admission are applicants for admission as defined under Section 235(b)(2)(A) of the INA, 8 U.S.C. § 1225(b)(2)(A), and must be detained for the duration of their removal proceedings." *Id.* at 220. The BIA's opinion is not binding on the Court, and the Court rejects the BIA's interpretation of the statutes for the same reasons articulated in its other decisions. *See, e.g.*, *Cortez-Gonzalez v. Noem*, 811 F. Supp. 3d 1287, 1298 (D.N.M. 2025) ("This Court is not bound by the BIA's interpretation of the relevant statutes—particularly when the [interpretation] lacks sound legal foundation."); *see also Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 386 (2024) ("The views of the Executive Branch [may] inform the judgment of the Judiciary, but [do] not supersede it.").

[3] Pre-removal custody is therefore still at issue as there is no final order of removal. *See Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 1136 (D. Or. 2025) (noting the government conceded a petitioner "remains in removal proceedings under 8 U.S.C. § 1229a during his administrative appeal of the dismissal of his removal proceedings"); *Patel v. Tindall*, No. 3:25-cv-373-RGJ, 2025 WL 2823607, at *4–5 (W.D. Ky. Oct. 3, 2025) (ruling a petitioner's "section 1229a proceedings continue to be active, as the decision of an immigration judge becomes final upon waiver of appeal or upon expiration of the time of appeal" and that the petitioner timely filed an appeal of the decision) (internal citations omitted).

Nolasco Pasqual challenges his continued detention claiming it is a violation of the Immigration and Nationality Act ("INA"). In support, he contends that 8 U.S.C. § 1225(b)(2) does not apply to noncitizens who previously entered and are now residing in the United States. *Id.* at 4, 11-16, 27-28 ¶¶ 13-14, 54-73, 118-22. He also claims that his detention violates 8 C.F.R. §§ 236.1, 1236.1, and 1003.19. *Id.* at 28-29 ¶¶ 123-28. Nolasco Pasqual further asserts his continued detention violates the Fifth Amendment Due Process Clause. *Id.* at 29-30 ¶¶ 129-35. Based on these arguments, Nolasco Pasqual seeks a writ of habeas corpus under 28 U.S.C. § 2241 directing federal immigration authorities to immediately release him or conduct a bond hearing pursuant to 8 U.S.C. § 1226(a). *Id.* at 30-31. On May 29, 2026, Respondents filed a Response to the Petition. Doc. 5.

**DISCUSSION**

The dispositive question presented is whether Nolasco Pasqual is eligible for a bond hearing pursuant to 8 U.S.C. § 1226(a),[4] or whether he is subject to the mandatory detention provisions provided for in § 1225(b)(2).[5] This Court has been presented with this same issue as applied to similarly situated petitioners, and, as in those cases, the Court hereby finds § 1226(a) governs Nolasco Pasqual's detention. *See Cortez-Gonzales v. Noem*, 811 F. Supp. 3d 1287, 1295-98 (D.N.M. 2025); *Diaz-Cruz v. Dedos*, No. 1:25-cv-01117, 2025 WL 3628517, at *2 (D.N.M.

---

[4] "On a warrant issued by the Attorney General, a[] [noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States . . . and pending such decision, the Attorney General . . . *may* release the [noncitizen] on . . . bond of at least $1,500 . . . ." § 1226(a) (emphasis added).

[5] "[I]n the case of a[] [noncitizen] who is an applicant for admission, if the examining immigration officer determines that a[] [noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted, the [noncitizen] *shall* be detained for a proceeding under section 1229a." § 1225(b)(2) (emphasis added).

Dec. 12, 2025); *Gonzales Ramos v. Dedos*, No. 1:25-cv-00975, 2025 WL 3653928, at *2-5 (D.N.M. Dec. 17, 2025). Like the "vast majority" of courts confronted with this issue, the Court concludes that § 1226(a)—not § 1225(b)(2)(A)—governs the detention of noncitizens[6] like Nolasco Pasqual, who has resided in the United States for over twenty-five years. Doc. 1 at 9 ¶ 38; *see, e.g.*, *Bethancourt Soto v. Soto*, 807 F. Supp. 3d 397, 408 (D.N.J. 2025) (emphasis removed) (collecting cases concluding that "§ 1225(b)(2)(A) applies only to noncitizens who are actively, *i.e.*, affirmatively, 'seeking admission' to the United States" and not to noncitizens who have been residing in the United States for several years); *Barco Mercado v. Francis*, 811 F. Supp. 3d 487 (S.D.N.Y. 2025) (noting the interpretation that § 1225 requires mandatory detention of all noncitizens living in the United States was rejected in 350 cases "decided by over 160 different judges sitting in about fifty different courts spread across the United States" and collecting cases in an Appendix A).

Federal Respondents maintain their position that § 1225(b)(2)(A) applies to Nolasco Pasqual's detention. *See* Doc. 8 at 2. They concede that the Court's prior rulings would control the result here. *Id*. Federal Respondents also cite the United States Court of Appeals for the Fifth Circuit's recent decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) and the Eighth Circuit's decision in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026) for the proposition that § 1225(b)(2)(A) controls. *See id.* at 2 n. 2. This is not binding authority. Additionally, most circuit courts have concluded § 1226(a) applies to the pre-removal detention of noncitizens like Nolasco Pasqual rather than § 1225(b)(2)(A). *See Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828, 844-45 (7th Cir. 2026); *Hernandez*

---

[6] "This [order] uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020); *see generally* 8 U.S.C. § 1101(a)(3) ("The term 'alien' means any person not a citizen or national of the United States.").

4

*Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258 (11th Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026). The Court agrees with the majority view and holds that § 1226(a) governs Nolasco Pasqual's detention and he is entitled to a bond hearing.[7]

Accordingly, the Court hereby grants Nolasco Pasqual's Petition for Writ of Habeas Corpus and orders that Respondents immediately release Nolasco Pasqual upon payment of the $3,000 bond found in the alternative by IJ Williams. *See* Doc. 1-2 at 9-10; *Alfaro v. Wamsley*, No. 2:25-cv-01706, 2025 WL 2822113, at *8 (W.D. Wash. Oct. 2, 2025) (ordering respondents to—within seven days of the order—release the petitioner "from detention or allow [her] release upon payment of the bond amount found in the alternative by the Immigration Judge is his [previous] order"); *cf. Lopez Benitez*, 795 F. Supp. 3d at 496-99 (ordering the petitioner who was incorrectly detained under § 1225(b) instead of § 1226(a) be immediately released from custody rather than ordering the petitioner to have a bond hearing in front of the IJ). Since IJ Williams determined at the October 23, 2025 hearing that Nolasco Pasqual is neither a danger to the community nor a flight risk, relief is therefore proper. *See* Doc. 1-2 at 9; *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022) (describing the factors considered by IJs during a bond-determination hearing pursuant to § 1226(a) and its implementing regulations).

---

[7] It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993); *see also Zadvydas v. Davis,* 533 U.S. 678, 693 (2001) ("[O]nce [a] [noncitizen] enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent."). Given that § 1226(a) is controlling, Nolasco Pasqual was entitled—as a right—to an individualized bond hearing. *See Cortez-Gonzalez*, 811 F. Supp. 3d at 1298*; Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025)*; Gonzales Ramos,* 2025 WL 3653928, at *4-5. Nolasco Pasqual's continued detention on the basis of § 1225(b)(2) constitutes an ongoing violation of the INA and his right to due process under the Fifth Amendment of the U.S. Constitution. *See Cortez-Gonzalez*, 811 F. Supp. 3d at 1298.

Respondents are further ordered to file a status report within ten days of this Order to certify compliance.

Nolasco Pasqual's request for attorney's fees and costs under the EAJA shall be considered. *See* 28 U.S.C. § 2412(d)(1)(A); *Delay v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025) ("[W]e read the EAJA's broad language to unambiguously authorize fees in habeas actions challenging immigration detention."). "Under [the] EAJA, a fee award is required if: (1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quoting 28 U.S.C. § 2412(d)(1)(A)). While fees are authorized, Nolasco Pasqual must "within thirty days of final judgment in the action,[8] submit to the court an application for fees and other expenses," and include an allegation demonstrating that "the position of the United States was not substantially justified." § 2412(d)(1)(B). Upon filing the application, Respondents must justify their position in any underlying proceedings and district court litigation. *See Hackett*, 475 F.3d at 1170.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

---

[8] The Court intends to file a final judgment after Respondents file their status report.